IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:19-cv-01125-UA-JLW

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | DEFENDANTS' ANSWER TO FRANKENMUTH MUTUAL INSURANCE COMPANY'S COMPLAINT |
| Plaintiff, | |
| v. | and |
| CADET CONSTRUCTION COMPANY, CADET LOGISTICS, LLC AND CHARETTE J. MILLER, | DEFENDANT CADET CONSTRUCTION COMPANY'S COUNTERCLAIM |
| Defendants. | |

NOW COMES the Defendants, Cadet Construction Company ("CCC"), Cadet Logistics, LLC ("Cadet Logistics") and Charette J. Miller ("Miller" or collectively "Defendants,") and answering the Complaint of Frankenmuth Mutual Insurance Company ("Frankenmuth") as follows:

## GENERAL DENIAL

All allegations of Defendants' Answer and Affirmative Defenses not specifically admitted are hereby denied.

## FIRST DEFENSE
**(Failure to Mitigate)**

Plaintiff's claims are barred to the extent it failed to mitigate and minimize its alleged damages as required by law. Defendants plead the foregoing in bar of recovery by Plaintiff of damages which should have been avoided with reasonable diligence and/or were incurred in violation of Plaintiff's duty to mitigate and minimize damages.

1

## SECOND DEFENSE

As the facts of this civil litigation are fully developed through the discovery process, Defendants reserve the right to add, amend, abandon, or modify certain defenses as permitted by and consistent with the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Venue and jurisdiction are not properly in Federal Court as the amount in controversy is not in excess of $75,000.00, and the Plaintiff, in fact, more seeks specific performance and injunctive relief and not financial, monetary damages.

## FOURTH DEFENSE AND ANSWER

Responding to the individually numbered sections of the Complaint, Defendants allege and say as follows:

## JURISDICTIONAL ALLEGATIONS

1. Defendants admit the allegations contained in Paragraph 1 upon information and belief.
2. In response to paragraph 2 of the Complaint, Defendants admit that CCC is organized pursuant to the laws of the State of North Carolina, having its principal place of business in Wake County, North Carolina and engaged in the business of construction contracting on projects. Defendants state that the General Agreement of Indemnity speaks for itself. Defendants deny the remaining allegations in paragraph 2.
3. In response to paragraph 3 of the Complaint, Defendants admit that Cadet Logistics is a limited liability company organized pursuant to the laws of the Commonwealth of Virginia, having its principal place of business in Chester, Virginia. Defendants state that the General Agreement of Indemnity speaks for itself. Defendants deny the remaining allegations in paragraph 3.

4. In response to paragraph 4 of the Complaint, Defendants deny the allegations.

5. In response to paragraph 5 of the Complaint, Defendants deny the allegations.

6. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations of paragraph 6.

## FACTUAL ALLEGATIONS

7. Upon information and belief, Defendants admit the allegations contained in Paragraph 7 upon information and belief.

8. Defendants state that the General Agreement of Indemnity speaks for itself. Defendants deny the remaining allegations in paragraph 8.

9. Defendants state that the General Agreement of Indemnity speaks for itself. Defendants deny the remaining allegations in paragraph 9.

10. Defendants state that the General Agreement of Indemnity speaks for itself. Defendants deny the remaining allegations in paragraph 10 and its subparts.

11. The allegations contained in paragraph 11 are admitted.

12. The allegations contained in paragraph 12 are admitted.

13. The allegations contained in paragraph 13 are admitted.

14. Defendants lack sufficient information to admit or deny the allegations in paragraph 14, and it is therefore denied.

15. Defendants lack sufficient information to admit or deny the allegations in paragraph 15, and it is therefore denied.

16. The allegations contained in paragraph 16 are denied.

17. Defendants lack sufficient information to admit or deny the allegations in paragraph 17, and it is therefore denied.

18. The allegations contained in paragraph 18 are denied.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are denied.

28. The allegations contained in paragraph 28 are denied.

## **FIRST CAUSE OF ACTION**
### **[Breach of Contract]**

29. This paragraph requires no response.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are denied.

## **SECOND CAUSE OF ACTION**
### **[Quia Timet]**

33. This paragraph requires no response.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

## **THIRD CAUSE OF ACTION**
### **[Contractual Indemnity]**

36. This paragraph requires no response.

37. The allegations contained in paragraph 37 are denied.

38. The allegations contained in paragraph 38 are denied.

## FOURTH CAUSE OF ACTION
### [Specific Performance]

39. This paragraph requires no response.

40. The allegations contained in paragraph 40 are denied.

41. The allegations contained in paragraph 41 are denied.

42. The allegations contained in paragraph 42 are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are denied.

46. The allegations contained in paragraph 46 are denied.

## FIFTH CAUSE OF ACTION
### [Injunctive Relief]

47. This paragraph requires no response.

48. The allegations contained in paragraph 48 are denied.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 46 and its subparts are denied.

## COUNTERCLAIM OF CADET CONSTRUCTION COMPANY

NOW COMES Defendant, Cadet Construction Company ("Cadet Construction") and states the following Counterclaims against Plaintiff, Frankenmuth Mutual Insurance Company ("Frankenmuth"), alleging as follows:

## PARTIES AND JURISDICTION

1. Upon information and belief, Frankenmuth is a foreign insurance company authorized to transact and transacting business in North Carolina as a Surety.

2. Cadet Construction is a domestic corporation organized and existing under the laws of the State of North Carolina with a principal and registered office located in Raleigh, Wake County, North Carolina.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Cadet and Frankenmuth and the amount in controversy is in excess of $75,000.00. In addition, or in the alternative, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

4. The allegations contained in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

5. On or around May 13, 2018, Cadet Construction entered into a contract with the Federal Aviation Administration (the "Owner) to serve as general contractor for a project known as the GSO ASR Shelter Replacement Project in Greensboro, North Carolina (the "Project").

## FIRST CLAIM FOR RELIEF
### (Tortious Interference with Contract)

6. The allegations contained in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

7. Cadet Construction and the Owner have an enforceable contract for the Project.

8. Frankenmuth has actual knowledge of the contract between Cadet Construction and the Owner.

9. Upon information and belief, Frankenmuth is taking certain actions to interfere with

6

Case 1:19-cv-01125-UA-JLW   Document 12   Filed 12/13/19   Page 6 of 9

Cadet Construction's and the Owners contract and/or induce the Owner not to perform the contract.

10. Frankenmuth is aware that the Owner has stopped work on a portion of the contract, and yet Frankenmuth continues to interfere in the contractual relationship between Cadet and Owner.

11. Frankenmuth's interference with Cadet Construction's and the Owner's contract is without justification, unrelated to any legitimate business interest, and/or is with actual malice.

12. As a result of Frankenmuth's tortious interference with Cadet Construction's and the Owner's contractual relationship, Plaintiff is damaged in the amount of at least **Seventy-Five Thousand Dollars and No Cents ($75,000.00)**, to be proven at trial, plus interest at the highest amount allowed by law; and all court costs and attorneys' fees.

**WHEREFORE,** Defendants pray this Court:

1. The Plaintiff's claims be dismissed with prejudice, and that Plaintiff recover nothing from Defendants;
2. The costs and expenses of this action be taxed against Plaintiff;
3. That Cadet Construction have and recover from Frankenmuth damages in the amount of at least **Seventy-Five Thousand Dollars and No Cents ($75,000.00)** pursuant to its First Counterclaim for Relief for tortious interference with contract; plus interest at the highest amount allowed by law, and all costs and attorney's fees as allowed by any applicable statue or the equitable power of this Court;
4. For trial by jury; and

5. Any such other and further relief as the court may deem just and equitable.

This the 13th day of December, 2019.

**ANDERSON JONES, PLLC**

BY: /s/ Todd A. Jones
Todd A. Jones, NCSB # 25593
Attorney for Defendants
Post Office Box 20248
Raleigh, NC 27619
Phone: (919) 277-2541
Fax: (919) 277-2544

8

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Defendants' Answer by filing the same with the Clerk of Court via CM/ECF thereby transmitting to:

Andrew L. Chapin
Conner Gwyn Schenck PLLC
P.O. Box 20744
Greensboro, North Carolina 274020
ATTORNEY FOR FRANKENMUTH MUTUAL INSURANCE COMPANY

This the 13th day of December, 2019.

                                **ANDERSON JONES, PLLC**

                    BY:   /s/ Todd A. Jones
                               Todd A. Jones, NCSB # 25593
                               Attorney for Defendants
                               Post Office Box 20248
                               Raleigh, NC 27619
                               Phone: (919) 277-2541
                               Fax: (919) 277-2544